UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 09-10253-RGS |
| STEVEN SOTO, ) | |
| PEDRO SOTO, ) | |
| CARMEN SOTO, and ) | |
| KIMBERLY LITWIN, ) | |
| ) | |

**RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America hereby responds to the Defendants' Joint Motion to Dismiss Pursuant to the Speedy Trial Act ("Defendants' Motion"). The government does not dispute that a violation of the STA has occurred. For the reasons fully set forth in the government's submission of May 18, 2011 (*see* Docket Entry 66), dismissal should be without prejudice. In fact, the Defendant's Motion does not assert otherwise. Indeed the Defendants' Motion states that defense counsel "are not aware of any prejudice occasioned by the delay." Defendants' Motion at 2.

One additional issue raised in the Defendants' Motion bears mention. The defendant's assert the following:

> [T]he defendants may not be in a position to address the issue of prejudice until they have the opportunity to inspect the Government's trial exhibits to determine whether original records still exist regarding the underlying real estate transaction. Accordingly, the defendants expressly reserve their right to raise further Speedy Trial objections either under the Speedy Trial Act or under the Sixth Amendment. Barker v. Wingo, 407 U.S. 514 (1972), as the future proceedings in this matter necessitate.

First, assuming *arguendo* that records necessary to the proof of the government's case no longer exist, such a loss of evidence would not constitute prejudice. There is no authority, including

Barker v. Wingo, *supra* – and the defendants cite none – for the proposition that loss of inculpatory evidence constitutes prejudice to the defense of any sort, much less prejudice relevant to whether dismissal for violation of the STA should be with or without prejudice.

Wherefore, in the event the Court agrees that an STA violation has occurred, the Court should dismiss the indictment in this action without prejudice.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:

/s/ *John A. Capin*

_____
JOHN A. CAPIN
Assistant U.S. Attorney
(617) 748-3264

.

## CERTIFICATE OF SERVICE

I, John A. Capin, Assistant U.S. Attorney, do hereby certify that I have, on this date, caused a true and accurate copy of the foregoing to served upon counsel of record by filing it with the Court electronically.

/s/ *John A. Capin*

JOHN A. CAPIN
Assistant U.S. Attorney